# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO VILLAMIL PORTILLO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TODD LYONS et al.,<br><br>　　　　Respondents. | Case No. 5:26-cv-03297-MAR<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE** |

## I.

## <u>INTRODUCTION & PROCEDURAL HISTORY</u>

On June 15, 2026, Petitioner Manuel Antonio Villamil Portillo ("Petitioner"), an immigration detainee, proceeding through counsel, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention at the Adelanto Detention Center.  Dkt. 1 ("Pet.") at 2. Petitioner also filed an Ex Parte Application ("EPA") for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction.  Dkt. 3.  Respondents filed an Answer and an Opposition to the EPA on June 22, 2026.  Dkt. 10 ("Answer"). Petitioner filed a Reply on June 25, 2026.  Dkt. 11 ("Reply").  On July 20, 2026,

Petitioner filed a Status Report indicating an Immigration Judge found that he had "established a reasonable possibility that the [Petitioner] would be persecuted on the basis of a protected ground, or a reasonable possibility that the [Petitioner] would be tortured in the country of removal" and placed him in "withholding-only" proceedings. Dkt. 12.

For the reasons set forth below, the Court orders that the Petition be **GRANTED**.

**II.**

**<u>FACTUAL BACKGROUND</u>**

Petitioner is a native and citizen of Honduras. He entered the United States in or around late 2004 after a prior border apprehension and removal in 2004. Dkt. 3 at 6. He currently has an outstanding prior removal order dated August 6, 2004. Petitioner has a pending I-130 petition filed by his United States citizen spouse in January or February 2024. <u>Id.</u> at 7; Answer at 3. He has not been convicted of any crime and has no pending criminal cases. Dkt. 3 at 7.

Petitioner has been married since February 25, 2006, to a United States citizen. <u>Id.</u> He and his spouse have three United States citizen children. <u>Id.</u> All of the children live with the family and depend on Petitioner financially. <u>Id.</u> Petitioner's 19- year-old daughter suffers from anxiety and depression, and Petitioner's detention has affected her significantly, including causing a panic attack. <u>Id.</u> Petitioner's spouse also suffers from anxiety and depression. <u>Id.</u> Petitioner has lived in Los Angeles, California for approximately 14 years. <u>Id.</u> He started his own construction company in 2024 and had worked in construction since 2004 before opening that business. <u>Id.</u> He files taxes and is the household's sole provider. <u>Id.</u>

Petitioner was arrested by ICE at his home on June 10, 2026. <u>Id.</u> Two days earlier, on June 8, 2026, he had a scheduled USCIS I-130 interview that he asked to reschedule because his immigration attorney had a conflicting hearing. <u>Id.</u> Petitioner is presently detained at the Adelanto Detention Center. <u>Id.</u> Petitioner is currently

pursuing immigration relief.  Id.

## III.

## SUMMARY OF PETITIONER'S CLAIMS

Petitioner asserts four claims for relief.  Petitioner's first claim for relief is that his detention violates his Fifth Amendment right to due process because he has been detained without a bond hearing or a showing by Department of Homeland Security ("DHS") that his detention is necessary to prevent danger or flight.  Dkt. 1 at 7. Petitioner's second claim for relief is that his detention violates his Fifth Amendment right to due process because his detention is not reasonably related to effectuating his removal.  Id.  He asserts that because he is entitled to a reasonable fear process, DHS cannot execute his reinstated removal order until the withholding proceedings are complete.  Id.  Therefore, there is no likelihood that his removal can be carried out in the foreseeable future.  Id.  Petitioner's third claim for relief is that his detention violates his Fifth Amendment right to due process because he has not received a meaningful custody review or an individualized procedure to determine whether detention is necessary.  Id.  Petitioner's fourth claim for relief is that his detention violates his Fifth Amendment right to due process because his pending reasonable fear process makes removal not reasonably foreseeable.  Id.

Based on these claims, Petitioner seeks his immediate release from detention and an order enjoining Respondents from re-detaining Petitioner or imposing additional conditions such as bond or electronic monitoring unless they can assure that a neutral decision-maker can determine at a hearing that such conditions are necessary.  Dkt. 1 at 8.

Respondents argue that Petitioner has not established he is in "unremovable limbo."  Answer at 4.  They further argue that Petitioner has been served with multiple documents that provide him notice that the purpose of his detention is to effectuate his removal.  Id.  Respondents argue that an Immigration Judge would have no jurisdiction to provide Petitioner a bond hearing, and that he is subject to mandatory detention.

3

Answer at 4, 5 (citing 8 C.F.R. § 235.3(b)(2)(iii)).  Finally, Respondents argue that ordering immediate release or a bond hearing would "be blatantly contrary to 8 U.S.C. § 1252(g) and 1252(b)(9)."  Answer at 5.

## IV.

## DISCUSSION

As an initial matter, the Court has jurisdiction to review Petitioner's constitutional law claims.  Singh, 638 F.3d at 1202; see also Jimenez v. Wolf, No. 19-CV-07996-NC, 2020 WL 1082648, at *2 (N.D. Cal. 2020); cf. Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) (finding jurisdiction to consider the "minimum requirements of due process").  The Supreme Court has made clear that the language of Section 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General."  Jennings v. Rodriguez, 583 U.S. 281, 294 (2018).  Where, as here, a petitioner seeks to "enforce[e] his constitutional rights to due process in the context of . . . removal proceedings—not the legitimacy of the removal proceedings or any removal order[—] § 1252(g) does not strip the Court of jurisdiction."  Becerra-Gonzalez v. Divver, No. 26-CV-1997 JLS (DEB), 2026 WL 1021377, at *2 (S.D. Cal. Apr. 15, 2026); see also Huynh v. Marin; No. 5:26-CV-02405-SP, 2026 WL 1772734, at *2 (C.D. Cal. June 16, 2026) ("Because petitioner is challenging his detention rather than any of the three actions listed[,] . . . § 1252(g) do[es] not strip this court of jurisdiction.").

Section 1252(b)(9) and (a)(5) channel review of an order of removal directly to courts of appeals rather than to district courts.  See J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016); Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012).  Actions that do not challenge final orders of removal, however, are not subject to this channeling scheme.  See J. E.F.M., 837 F.3d at 1032; Martinez, 704 F.3d at 623 (explaining § 1252(a)(5) only bars challenges to "an order of removal" but "does not eliminate the ability of a court to review claims that are 'independent of challenges to removal orders'"); Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) ("We did not

4

interpret [§ 1252(b)(9)'s] language to sweep in any claim that can technically be said to "arise from" the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.").

## A.    ZADVYDAS CLAIM

The Immigration and Nationality Act ("INA") establishes the procedures governing detention, release, and removal of noncitizens ordered removed from the United States.  The statute at issue here, 8 U.S.C. § 1231(a), applies to detention following the entry of final order of removal, including individuals in withholding-only proceedings.  See Johnson v. Guzman Chavez, 594 U. S. 523, 533 (2021); Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023).

Generally, when a final order of removal is entered against an alien, the government will remove that person from the United States within a ninety-day "removal period."  Zadvydas v. Davis, 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(1)(A).  During that period, the government will normally hold the removable alien in custody.  Zadvydas, 533 U.S. at 682; 8 U.S.C. § 1231(a)(2)(A).  In some circumstances, the government may detain a removable alien beyond the ninety-day removal period.  8 U.S.C. § 1231(a)(6); see also Zadvydas, 533 U.S. at 689.  However, Section 1231(a)(6) includes an implicit limit on "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  Id. at 689.  "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.

Recognizing constitutional concerns raised by such prolonged detention, the Supreme Court observed "Congress previously doubted the constitutionality of detention for more than six months," and, therefore, "for the sake of uniform administration in the federal courts," established a presumptively reasonable six-month period for post-removal-order detention.  Id. at 701.  This six-month period is a presumption, and "[a]t no point did the Zadvydas Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month

period." Trinh v. Homan, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (collecting cases); see also Ndandu v. Noem, No. 25-CV-2939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (finding that the six-month presumption is rebuttable and finding petitioner rebutted the presumption while only being detained for three months); Hernandez v. Bondi, No. 25-CV-2020-EPG-HC, 2026 WL 350829, at *3–4 (E.D. Cal. Feb. 9, 2026) (rebutting presumption after five month detention); Mohammad v. Noem, No. 25-CV-3424-AB-DBT, 2025 WL 3768581, at *2 (C.D. Cal. Dec. 23, 2025) (rebutting presumption after four month detention); Uzzhina v. Chestnut, No. 25-CV-1594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under Zadvydas."); Munoz-Saucedo v. Pittman, 789 F. Supp. 3d 387, 396 (D.N.J. 2025) ("Although some courts have read Zadvydas as creating a bright-line rule—one that effectively allows the government to detain a person for at least six months without judicial review, even if there was no possibility of removal—a close reading of Zadvydas does not support that interpretation."). Where a Petitioner establishes "there is no significant likelihood of removal in the reasonably foreseeable future," then the Government must "introduce evidence to refute that assertion" or release the alien. Zadvydas, 533 U.S. at 701.

Here, Petitioner contends that his removal is not reasonably foreseeable because an Immigration Judge has found that Petitioner "established a reasonable possibility that the [Petitioner] would be persecuted on the basis of a protected ground, or a reasonable possibility that the [Petitioner] would be tortured in the country of removal." Dkt. 12-1 at 1. Because of this finding, Petitioner has been placed in "withholding-only" proceedings to determine whether he is entitled to withholding of removal. Id. If the Immigration Judge determines that Petitioner is not entitled to withholding of removal, Petitioner will appeal the decision to the Board of Immigration Appeals. Dkts. 3 at 11; 11 at 3; 12 at 2. The Ninth Circuit has recognized that DHS "likely cannot execute a reinstated removal order until reasonable-fear and withholding-

6

only proceedings are complete." Padilla-Ramirez v. Bible, 882 F.3d 826, 832 (9th Cir. 2017); Rodriguez v. Warden, Golden State Annex Det. Facility, No. 1:26-CV-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) ("A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future.").

Where withholding of removal has been granted, there are typically two potential outcomes: either respondents identify a third country to which they seek to remove petitioner and then obtain travel documents for petitioner for same, or the withholding order is appealed to the BIA. See, e.g., A.A.M. v. Andrews, No. 1:25-CV-01514-DC-DMC (HC), 2026 WL 1099063, at *7 (E.D. Cal. Apr. 21, 2026), report and recommendation adopted, No. 1:25-CV-01514-DC-DMC (HC), 2026 WL 1266280 (E.D. Cal. May 8, 2026). Here, the record does not indicate, nor do Respondents argue, that any third country has been identified for petitioner's removal nor that Respondents have made any efforts to acquire travel documents for petitioner's removal to that country. Petitioner affirms that he will seek review of any adverse finding. See Dkt. 11 at 11. Any such review could take up to a year to resolve. See, e.g., Varela v. Warden, Golden State Det. Facility, No. 1:26-CV-1869-DJC-CKD P, 2026 WL 1158202, at *3 (E.D. Cal. Apr. 29, 2026), report and recommendation adopted, No. 1:26-CV-1869-DJC-CKD, 2026 WL 1257828 (E.D. Cal. May 7, 2026) (finding appeals to the BIA currently take months to resolve); A.A.M., 2026 WL 1099063, at *7 (finding an appeal to the BIA from an unfavorable withholding of removal decision may take a year to resolve). Therefore, no matter the result of Petitioner's request for withholding of removal, he has shown that there is no significant likelihood of his removal in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701; Carlos Enrique Viana Galicia v. Warden Of The Golden State Annex, et al., No. 1:26-CV-02257-DJC-EFB (HC), 2026 WL 1948300, at *5 (E.D. Cal. July 6, 2026), report and recommendation adopted sub nom. Carlos Enrique Viana Galicia v. Warden Of The Golden State Annex, et al., No. 1:26-CV-02257-DJC-EFB

(HC), 2026 WL 2141768 (E.D. Cal. July 24, 2026).

The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents merely assert that Petitioner has not established he is in "unremovable limbo," Answer at 4, and argue that Petitioner is subject to mandatory detention, id. (citing 8 C.F.R. § 235.3(b)(2)(iii)).  As such, Respondents have not met their burden to rebut petitioner's showing.  See, e.g., Seretse-Khama v. Ashcroft, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (holding Government had not rebutted petitioner's showing where Government had not secured travel documents for the petitioner); Andemicael v. Noem, No. 5:25-CV-02999-KK-MBK, 2026 WL 734522, at *8 (C.D. Cal. Feb. 12, 2026), report and recommendation adopted, No. 5:25-CV-02999-KK-MBK, 2026 WL 734588 (C.D. Cal. Feb. 20, 2026) (finding the Government failed to meet its rebuttal burden, where its request for travel documents was still pending).

In sum, the Court concludes that Petitioner's removal is not reasonably foreseeable under Zavydas.  See Zadvydas, 533 U.S. at 701.  Accordingly, Petitioner's detention under 8 U.S.C. § 1231(a)(6) is no longer authorized and Petitioner is entitled to release.  See id. at 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.").

## B.    DUE PROCESS CLAIM

Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690.  It is undisputed that Petitioner has been living in the United States for nearly twenty years and has built a life here.  Dkt. 3 at 11. Petitioner has been gainfully employed, is the sole financial provider for his United States citizen wife and United States citizen children, and has no criminal record.  Id.  Based on these undisputed facts, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on the life he built in the United States since arriving here in 2008.  See, e.g., Doe v. Becerra, 787 F.

Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

It is also undisputed that Petitioner was detained without a pre-deprivation hearing. Dkt. 3 at 12. Thus, the Court concludes that Petitioner's detention without a pre-deprivation hearing violated his procedural due process rights. See, e.g., Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026); Fernandez Lopez v. Wofford, 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained.").

Given this violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000)

(internal quotation marks omitted).  The last uncontested status here is Petitioner's release from custody.  See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention.").  "Accordingly, Petitioner's release from custody is the appropriate remedy."  Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Moreover, due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  See, e.g., Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence

that he is presently a flight risk or danger to the community.").

## VI.

## ORDER

IT IS ORDERED:

(1) the Petition is **GRANTED**;

(2) Respondents are **ORDERED** to immediately release **Petitioner Manuel Antonio Villamil Portillo (A-number 098-042-133)** on his prior conditions of release, if any;

(3) Respondents are **ORDERED** not to re-detain Petitioner unless he receives pre-deprivation notice and a pre-deprivation hearing at which the government must bear the burden of showing, by clear and convincing evidence, that Petitioner is a danger or flight risk and that there has been a material change in circumstances such that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future; and

(4) Respondents are directed to file a notice of compliance within twenty-four hours of this Order.

DATED:  July 30, 2026

HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

11